IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**STEPHANIE N. PAULINO**,
**Individually and as Class Representative,**

    Plaintiff,

v.                                                          **CIVIL ACTION NO. 3:12-CV-75**
                                                                      **(JUDGE GROH)**

**DOLLAR GENERAL CORPORATION,**
a foreign corporation, and **DOLGENCORP,**
**LLC,** a foreign corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECONSIDERATION**

On May 9, 2013, Defendants filed an "Emergency Motion for Partial Reconsideration of Order Requiring Disclosure of Names and Contact Information." [ Doc. 83]. On April 25, 2013, the Court issued its Memorandum Opinion and Order granting Plaintiff's Motion to Compel, overruling Defendants' Objections, and awarding reasonable expenses. The Court's April 25, 2013 Memorandum Opinion and Order is not a final judgment or order in this case, but it is an interlocutory ruling. On May 13, 2013, Plaintiff filed her response. On May 14, 2013, Defendants filed a reply.

The Fourth Circuit Court of Appeals recognized that "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment. This is because a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments,

at any time prior to final judgment when such is warranted." ***Am. Canoe Ass'n v. Murphy Farms, Inc.***, 326 F.3d 505, 514-15 (4th Cir. 2003) (citations omitted). This power is discretionary.  *See* ***Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.***, 460 U.S.1, 12, 103 S. Ct. 927 (1983) (stating that "every order short of a final decree is subject to reopening at the discretion of the district judge."). The Federal Rules of Civil Procedure do not provide a standard for reconsideration of interlocutory orders, but state that they are "subject to revision at any time before the entry of judgment." FED. R. CIV. P. 54(b). However, "[p]ublic policy favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing questions that have already been decided." ***Akeva, L.L.C. v. Adidas Am., Inc.***, 385 F. Supp. 2d 559, 565 (M.D.N.C. 2005).

In this case, Defendants "seek the Court's reconsideration of its Order on the limited issue that Defendants provide former employee names and contact information . . . ." ([Doc. 83], p. 1).  Defendants argue that if they are "required to produce names and contact information of the former employees, it will work manifest injustice to the Defendants and former non-party employees due to (1) the irreversible nature of the production of names and contact information, and (2) the privacy interests of non-party employees." ([Doc. 83], p. 2).

Defendants raised similar arguments in their Objections [Doc. 72]. In fact, almost all of the cases cited in Defendants' Motion for Partial Reconsideration were also cited in Defendants' Objections.  Defendants rely on ***Raddatz v. Standard Register Co.***, 177 F.R.D. 446, 447-48 (D. Minn. 1997), to argue that even with a protective order, courts must engage in a balancing test, weighing Plaintiff's need for former employees' contact

information against the invasion of privacy of the nonparties and the potential harm to Defendants, because the former employee's personal information will be divulged, even if not publicized. In *Raddatz*, Plaintiff sought discovery of the entire personnel file of all Defendant's employees who have held the position of a district sales manager for a ten year period. In that case, the court found that ten years was not a reasonable time period, and it limited the time period to four years. *Id.* at 448. The court also noted its concern with ordering the disclosure of an employee's entire personnel file, which often includes "'addresses, phone numbers, income information, medical histories, employment discipline, criminal records, and other sensitive personal information having little or no relevancy to the issues in litigation.'" *Id.* at 447 (citing **Dahdal v. Thorn Americas, Inc.**, 1997 WL 599614 *1 (D. Kan. Sept. 15, 1997)). Then, the court limited the scope of production by not requiring the production of the entire personnel file, but requiring disclosure of four categories of information that were particularly relevant to Plaintiff's age discrimination claim, including contact information, ages at time of termination, dates of birth, reasons for termination, and salaries at time of termination. *Id.* at 448.

  Upon reviewing the *Raddatz* case for a second time, the Court notes that its April 25, 2013 decision is similar. First, like the *Raddatz* court, this Court limited the scope of discovery to a five year period, which is similar to the four year period imposed in *Raddatz*. Second, also like the *Raddatz* court, this Court did not require the production of the entire personnel file. Instead, the Court required the production of certain categories of information including contact information of employees who were voluntarily and involuntarily terminated as well as termination dates, reasons for termination, date of final payments, and documentation of personnel action. This information is relevant to Plaintiff's

Wage Payment and Collection Act claim. Third, Defendants only contest the Court's order requiring the production of former employees' names and contact information. Like the *Raddatz* court that ordered the production of the employees' names and contact information, this Court also ordered the production of former employees' names and contact information. Accordingly, the *Raddatz* decision does not persuade this Court to reconsider its April 25, 2013 Order.

Defendants also rely on ***Artis v. Deere & Co.***, 276 F.R.D. 348, 350 (N.D. Cal. 2011). In *Artis*, Plaintiff sought job applications and other sources of names, addresses, telephone numbers, and e-mail addresses ("contact information") of putative class members and percipient witnesses for her putative class action against Defendants under Title VII of the 1964 Civil Rights Act and the California Fair Employment & Housing Act. *Id.* The court noted that "[t]he disclosure of names, addresses, and telephone numbers is a common practice in the class action context." *Id.* at 352 (citations omitted). Indeed, the court performed a balancing test and ordered that Defendants produce the putative class members' contact information. *Id.* at 353. The court noted that "[w]hile the putative class members have a legally protected interest in the privacy of their contact information and a reasonable expectation of privacy the information sought by Plaintiff is not particularly sensitive." *Id.* at 354. The court also stated that "the parties can craft a protective order that limits the use of any contact information to the parties in this litigation and protects it from disclosure." *Id.*

In this case, unlike in *Artis*, a protective order is already in place that limits the use of sensitive information to the parties and their attorneys in this litigation and protects it from disclosure. Specifically, the protective order notes that "both personal and job-related

employee information including any documents regarding payroll-related information" should be designated as "confidential" by the party or attorney. ([Doc. 27], p.2). This information "should not be disclosed other than in connection with this action and pursuant to this Protective Order." ([Doc. 27], p. 2). Even the *Artis* court noted that the disclosure of contact information "is not particularly sensitive." 276 F.R.D. at 354.

Defendants argue that Plaintiff must have a compelling need for the information that outweighs the important privacy interests involved and the irreparable harm to Defendants with regard to the potential for expanded and protracted litigation. ([Doc. 83], p. 3). Disclosure of the names and addresses of putative class members is appropriate in this context. First, in this case, the analysis of whether common questions of law or fact exist and whether Plaintiff's claims are typical of those of putative class members is largely fact-driven. Second, the contact information is necessary for Plaintiff to meet the commonality requirement. Third, the contact information is sufficiently protected through the Agreed Protective Order. See **Doyon v. Rite Aid Corp.**, 279 F.R.D. 43, 50 (D. Maine 2011) (ordering production of contact information so long as a protective order is entered safeguarding class members' privacy interests); **Youngblood v. Family Dollar Stores, Inc.**, 2011 WL 1742109, *4, Nos. 09 Civ. 3176 (RMB)(FM), 10 Civ. 7580 (RMB)(FM) (S.D.N.Y. Jan. 5, 2011) (ordering production of contact information of putative class members as it was relevant and necessary for Plaintiff to prove the commonality requirement for class certification); **Khalilpour v. CELLCO Partnership**, 2010 WL 1267749, *3 (N.D. Cal. Apr. 1, 2010) (stating that "the disclosure of names, addresses, and telephone numbers is common practice in the class action context because it does not

involve revelation of personal secrets, intimate activities, or similar private information . . . ." and ordering disclosure of names, addresses, and telephone numbers). Therefore, the Court finds that Plaintiff's needs outweigh Defendants' concerns. Plaintiff has shown a legitimate need for the requested information to determine whether common questions of law or fact exist and whether her claims are typical. Also, Plaintiff seeks the information of potential plaintiffs rather than disinterested third parties. Thus, as the Court previously ordered, Defendants must disclose the names and contact information of former employees, but the protective order in place should sufficiently address any privacy concerns.

Last, Defendants request that the Court "place parameters around what Plaintiff may do with the name and contact information in the event the Defendants are successful in defeating class certification, or there is a final ruling on the issue of class certification or the merits." ([Doc. 83], p. 4). First, Defendants may utilize the protections provided in the Protective Order by marking the documents containing the contact information as "Confidential." *Id.* Second, the Protective Order states that "[t]he **CONFIDENTIAL** materials described above may be used only for purposes of this litigation including appeals, and not for promotional or competitive or other purposes . . . ." *Id.* at 2. Therefore, the terms of the protective order applies to the disclosure of the contact information at issue. The Court also **ORDERS** Plaintiff's counsel to inform each potential putative class member contacted by Plaintiff that he or she has a right not to talk to counsel and that, if he or she elects not to talk to counsel, Plaintiff's counsel will terminate the contact and not contact them again. The Court **FURTHER ORDERS** Plaintiff's counsel to keep a list of all

6

individuals contacted, and preserve that list so that it may be filed with the Court along with Plaintiff's certification motion.

Accordingly, the Court **AFFIRMS** its April 25, 2013 Memorandum Opinion and Order and declines to reconsider its opinion further. Defendants are ordered to produce the names and contact information of former employees within **FOURTEEN** (14) days of this Order.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties herein.

**DATED:** June 5, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE