IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**STEPHANIE N. PAULINO**, individually
and as Class Representative,

                Plaintiff,

v.                                          **CIVIL ACTION NO. 3:12-CV-75**
                                                  **(JUDGE GROH)**

**DOLLAR GENERAL CORPORATION**, a
foreign corporation, and **DOLGENCORP,
LLC**, a foreign corporation,

                Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR STAY

The above-styled matter came before the Court for consideration of Defendants' Motion for Stay [Doc. 145] filed on March 13, 2014. Although Plaintiff's counsel indicated to Defendants that he is opposed to the motion for stay, Plaintiff did not file a response. Defendants ask this Court to stay proceedings in this matter until after the Court has resolved Defendants' Objections to Magistrate Judge Seibert's recommendation to grant class certification and after any party's potential appeal of the decision granting or denying certification.

Local Rule of Civil Procedure 72.02 provides that "[w]hen an objection to a magistrate judge's ruling on a non-dispositive pretrial motion is filed pursuant to Fed. R. Civ. P. 72(a), the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or by a district judge." A district court may enter an order staying

1

proceedings pursuant to its general equity powers. <u>Williford v. Armstrong World Indus., Inc.</u>, 715 F.2d 124, 127 (4th Cir. 1983). However, the district court must "weigh competing interests and maintain an even balance." <u>Id.</u> The party requesting the stay "must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." <u>Id.</u>

In this case, Defendants request a stay of Magistrate Judge Seibert's recommendation to grant class certification until pending objections and any subsequent appeal are resolved. However, the Court finds that a stay is appropriate, at this point, only until this Court issues an Order resolving the pending objections to Magistrate Judge Seibert's report and recommendation. First, Magistrate Judge Seibert's report and recommendation certifies a class of over 700 former employees of Dollar General. Proceeding with this Court's Scheduling Order would cause an undue hardship to both the parties without knowing whether this Court will sustain or overrule Defendants' objections. Second, Plaintiff will not suffer a significant harm for a brief stay of the proceedings as the Court anticipates it will take only a short period of time to resolve the pending objections. Therefore, in weighing the competing interests, the Court finds that a stay of the proceedings is proper until the Court enters an order resolving the pending objections to Magistrate Judge Seibert's report and recommendation. However, to clarify, the Court is not entering a stay of the proceedings for any potential appeal as the request is premature and the Court cannot weigh the competing interests and potential harms of the parties until an appeal is filed.

Accordingly, the Court **GRANTS IN PART** Defendants' motion for stay, and the Court **ORDERS** that proceedings are **STAYED** in this matter until the Court enters an Order

resolving Defendants' pending objections to Magistrate Judge Seibert's report and recommendation. At that time, the Court will order that the stay in this matter be lifted.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** April 1, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE