**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**STEPHANIE N. PAULINO**,
**Individually and as Class Representative,**

Plaintiff,

**v.** **CIVIL ACTION NO. 3:12-CV-75**
**(JUDGE GROH)**

**DOLLAR GENERAL CORPORATION,**
**a foreign corporation, and DOLGENCORP,**
**LLC, a foreign corporation**,

Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RULE 23 CLASS CERTIFICATION

### I. Introduction

Pending before this Court are Defendants' Objections to Magistrate Judge Seibert's "Report and Recommendation that Plaintiff's Motion for Rule 23 Class Certification [102] be Granted." Defendants raise seven objections to Magistrate Judge Seibert's findings and conclusions. Upon consideration of the written arguments of counsel and for the following reasons, the Court **DENIES** Plaintiff's "Motion for Rule 23 Class Certification" [Doc. 102] and **GRANTS** Defendants' objections to Magistrate Judge Seibert's Report and Recommendation [Doc. 143].

### II. Factual Background and Procedural History

On July 10, 2012, Plaintiff, Stephanie Paulino, filed her complaint in the Circuit Court of Berkeley County, West Virginia alleging that Defendants, Dollar General

Corporation and DolGenCorp, LLC, violated the West Virginia Wage Payment and Collection Act (WPCA), W. Va. Code § 21-5-4, when they failed to pay Plaintiff her wages in full within seventy-two hours of her termination. Plaintiff also alleges that Defendants did not pay her liquidated damages and interest as required by the statute when a business does not comply with any rule under the WPCA, such as the seventy-two hour rule. Plaintiff asserts this claim on behalf of herself and all other former employees who were terminated within five years of the filing of suit and not timely paid, or, in the alternative, not paid the liquidated damages and interest as required by the WPCA.

On August 15, 2012, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1332(d). On December 2, 2013, Plaintiff moved for class certification pursuant to Federal Rule of Civil Procedure 23. Plaintiff argues that the class is comprised of former employees of Dollar General who worked in West Virginia and who were, according to company records, "involuntarily terminated" within the five years prior to filing of this lawsuit to the present. Plaintiff also contends that Federal Rule of Civil Procedure 23(a)'s requirements of numerosity, typicality, commonality, and adequacy of representation are satisfied as well as Federal Rule of Civil Procedure 23(b)(3)'s requirements that questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available means for the fair and efficient adjudication of this controversy.

On December 19, 2013, Defendants filed their "Memorandum in Opposition to Plaintiff's Motion for Rule 23 Class Certification." Defendants assert that the "glaring,

insurmountable problem" with Plaintiff's request for certification is that she has failed to "establish[ ] the existence of any common questions that can be answered on a class-wide basis." Specifically, Defendants contend that "there are no common answers to any questions of liability." Defendants also argue that a class action is not superior to alternative methods of resolving individuals' claims because the Court would have to conduct an individualized inquiry to determine whether Dollar General timely paid each putative class member.

On December 30, 2013, Plaintiff filed her reply brief. In that reply, she noted that there are two factual issues that satisfy Rule 23's commonality and predominance requirements. First, Plaintiff states that Defendants have a consistent practice to pay employees on the Friday following the end of the pay period regardless of whether they are terminated for cause. Second, when Defendants pay the former employees their final pay beyond the time periods specified in the WPCA, Defendants do not pay the former employees liquidated damages or statutory interest.

On January 14, 2014, Magistrate Judge Seibert held an evidentiary hearing on Plaintiff's "Motion for Rule 23 Class Certification." Subsequently, on February 24, 2014, Magistrate Judge Seibert issued a report and recommended that Plaintiff's motion to certify the class be granted.

On February 27, 2014, Plaintiffs filed a proposed "Important Notice" defining the class as "All former employees of Dollar General stores located in West Virginia who, according to Dollar General's records, were involuntarily terminated from employment on or after July 10, 2005 and who were not paid their final wages within 72 hours of termination." ([Doc. 141-1], p.1).

On March 10, 2014, Defendants filed their objections to Magistrate Judge Seibert's report and recommendation. On March 27, 2014, Plaintiff filed her response to Defendants' objections, which primarily addressed Defendants' "fail safe" arguments. Finally, on April 7, 2014, Defendants filed their motion for leave to file a reply brief, and on April 9, 2014, the Court granted Defendants' motion and directed the Clerk to file Defendants' reply brief. Accordingly, this matter is now ripe for the Court's review.

## III. Standard of Review

### a. Objections to Report and Recommendation

A party may file objections to a magistrate judge's report and recommendation regarding motions to certify a class action. Fed. R. Civ. P. 72(b); see 28 U.S.C. § 636(b)(1)(B). The parties have fourteen days to serve and file any written objections to a magistrate judge's report and recommendation. The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objections is made." 28 U.S.C. § 636(b)(1)(C).

### b. Class Certification Standard

Federal Rule of Civil Procedure 23 governs class certification. First, under Rule 23(a), the party seeking certification must demonstrate that:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(a)'s final three requirements "tend to merge with commonality and typicality serving as guideposts for determining whether the named plaintiff's claim and the class

claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Brown v. Nucor Corp., 576 F.3d 149, 152 (4th Cir. 2009) (quotation and internal bracketing omitted).

Second, the proposed class must be one of the types of class actions permitted in Rule 23(b). In this case, Plaintiff relies upon Rule 23(b)(3), which applies when "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individuals members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

Plaintiff, as the party seeking class certification, "must affirmatively demonstrate[] h[er] compliance with the Rule–that is, [s]he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." Wal-Mart Stores, Inc. v. Dukes, __ U.S. __, 131 S. Ct. 2541, 2551 (2011). The district court may only certify the class if it is "satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." Id. (quoting Gen. Tel. Co. of S.W. v. Falcon, 547 U.S. 147, 161 (1982)).

**IV. Analysis**

Defendants' objections to Magistrate Judge Seibert's report and recommendation presents seven specific objections. The Court addresses Defendants' objections below. However, the Court declines to address whether Plaintiff is an adequate representative as the other objections are dispositive of the certification issue.

### 1. Whether the Class is an Impermissible "Fail Safe" Class

First, Defendants object to Magistrate Judge Seibert's report and recommendation because they argue it "recommends certification of an impermissible 'fail safe' class, for which membership is defined by a violation of the law."[1] Specifically, Defendants argue that "[u]nder the proposed definition, class members either win their claims under the WPCA and are in the class, or lose but are not in the class." Therefore, Defendants contend no adverse judgment could be entered against the class members.

Prior to determining whether Rule 23(a) and (b) have been satisfied, the Court must consider "the definition of the class." Melton v. Carolina Power & Light Co., 283 F.R.D. 280, 286 (D.S.C. 2012). "The proposed class definition must not depend on subjective criteria or the merits of the case or require an extensive factual inquiry to determine who is a class member." Cuming v. S.C. Lottery Comm'n, Civil Action No. 3:05-cv-03608-MBS, 2008 WL 906705, *1 (D.S.C. Mar. 31, 2008) (citation omitted); Lewis v. Capital Mortg. Inves., 78 F.R.D. 295, 310, n.15 (D. Md. 1977) (agreeing that the class as described in the complaint was an impermissible "fail safe" class, but certifying the class using the permissible class definition used in the notice of motion for class action determination and other subsequent pleadings). A "fail safe" class is one that "is defined so that whether a person qualifies as a member depends on whether the person has a valid claim. Such a class definition is improper because a class member

[1]The Court notes that Magistrate Judge Seibert did not have the benefit of Plaintiff's proposed class certification definition that was included in its proposed "Important Notice" in evaluating the fail safe class argument.

either wins, or by virtue of losing, is defined out of the class and is therefore not bound by the judgment." Messner v. Northshore Univ. HealthSys., 669 F.3d 802, 825 (7th Cir. 2012); see also Randleman v. Fidelity Nat'l Title Ins. Co., 646 F.3d 347, 352 (6th Cir. 2011) (affirming district court's decision to deny class certification because the class "only included those who are 'entitled to relief'" and this was an "improper fail-safe class that shields the putative class members from receiving an adverse judgment"); Kamar v. RadioShack Corp., 375 F. App'x 734, 736 (9th Cir. 2010) (recognizing that a fail safe class is one where "the class itself is defined in a way that precludes membership unless the liability of the defendant is established" and that a fail safe class is "palpably unfair to the defendant").

In this case, Plaintiff defines the class as "All former employees of Dollar General stores located in West Virginia who, according to Dollar General's records, were involuntarily terminated from employment on or after July 10, 2005 and who were not paid their final wages within 72 hours of termination." Plaintiff represents that this Court must only examine Dollar General's records to determine whether a former employee was "involuntarily terminated" under the WPCA. However, the Court must engage in an individualized inquiry regarding the merits of the WPCA claim simply to determine whether the former employee is a proper class member.

Under the WPCA, "[w]henever a person, firm or corporation discharges an employee, such person, firm or corporation shall pay the employee's wages in full within seventy-two hours." W. Va. Code § 21-5-4(b) (2012). Although the WPCA does not define the term "discharge," the legislative rules promulgated by the West Virginia

Division of Labor defines the term as "any involuntary termination or the cessation of performance of work by employee due to employer action." Therefore, in order to determine whether a former employee was "involuntary terminated," this Court would necessarily have to conduct an individualized inquiry to ascertain whether the employee was terminated due to Dollar General's actions. Then, this Court would have to determine whether Dollar General failed to pay the employees their final wages within seventy-two hours of termination. Therefore, this Court would need to conduct an individualized inquiry of the date and time of each class member's termination to ascertain whether Dollar General paid the employee their final wages within seventy-two hours of termination. See W. Va. C.S.R. § 42-5-13.1 ("An employee who is discharged shall be paid all wages including fringe benefits within seventy-two (72) hours of the employee's *final hour of employment*.") (emphasis added).

In this case, class membership is determined based on whether a person has a valid claim. This Court would be required to conduct an individualized inquiry on the merits to determine whether a person qualifies as a member of the class, resulting in a determination of whether the person has a valid claim. This is the essence of a fail safe class. Accordingly, this Court **GRANTS** Defendants' objection to Magistrate Judge Seibert's report and recommendation on this ground. Although this conclusion may be dispositive of the entire class certification issue, the Court will also address Defendants' interrelated objections regarding Rule 23(a)'s commonality and typicality requirements and Rule 23(b)(3)'s predominance and superiority requirements.

**2. Whether the Class Satisfies the Commonality Requirement of Federal Rule of Civil Procedure 23(a)(2)**

Commonality requires that "there are questions of law or fact common to the issue." Fed. R. Civ. P. 23(a)(2). "A common question is one that can be resolved for each class member in a single hearing, such as the question of whether an employer engaged in a pattern and practice of unlawful discrimination against a class of its employees. A question is not common, by contrast, if its resolution turns on a consideration of the individual circumstances of each class member." Thorn v. Jefferson-Pilot Life Ins. Co., 445 F.3d 311, 319 (4th Cir. 2006) (internal quotations and citations omitted). "The common questions must be dispositive and over-shadow other issues." Lienhart v. Dryvit Sys., Inc., 255 F.3d 138, 146 (4th Cir. 2001).

District courts have found commonality to be lacking when the court is required to engage in individualized inquiries. Cuming, 2008 WL 906705 at *4 (holding plaintiffs failed to establish commonality because "the court would be required to conduct an inquiry into the individual circumstances and motivations of each class member"); Levitt v. Faxx.com, Civil No. WMN-05-949, 2007 WL 3169078, * 3 (D. Md. May 25, 2007) (holding plaintiffs failed to meet the commonality requirement under Rule 23(a) because of the "need to make a determination for each class member as to whether the facsimile transmission was unsolicited").

In Cuming, the plaintiffs moved to certify a class action consisting of "All individuals who purchased South Carolina Education Lottery instant scratch-off tickets offering a chance to win top prizes that at the time of sale were no longer available." 2008 WL 906705, at *2. The district court found that "Plaintiffs' class definition [wa]s not

'sufficiently definite' so that it would be administratively feasible for the court to determine whether a particular individual is a member" because "prospective members would have to show that they purchased . . . instant scratch-off tickets that offered a chance to win top prizes that were no longer available at the time of sale." Id. at *3. Therefore, the court would be required to conduct "individualized inquiries to determine whether the ticket had been purchased after the top prize had been awarded." Id. In denying the motion to certify the class, the Court noted that the "administrative burden of certification outweigh[ed] the efficacy of a class action." Id.

Therefore, although the predominate question of whether all former employees were involuntarily terminated under the WPCA is common to all class members, a common question is not enough when the answer may vary with each class member and is determinative of whether the member is properly part of the class. Accordingly, Rule 23(a)(2)'s commonality requirement is not satisfied, and the Court **GRANTS** Defendants' objection.

**3. Whether the Class Satisfies the Typicality Requirement of Federal Rule of Civil Procedure 23(a)(3)**

Rule 23(a)(3) provides that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." To satisfy the typicality requirement, "the named representatives' claims [must] have the same essential characteristics as the claims of the class at large." Tipton v. Sec'y of Educ., Civ. A. N. 2:90-0105, 1993 WL 545724, * 7 (S.D.W. Va. Aug. 28, 1992) (citing De La Fuente v. Stokely Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983)). The typicality requirement "tends to merge" with the commonality requirement. Falcon, 457 U.S. at 157, n. 13. The "typicality and

commonality requirements . . . ensure that only those plaintiffs . . . who can advance the same factual and legal arguments may be grouped together as a class." Broussard v. Meineke Discount Muffler Shops, Inc., 155 F.3d 331, 340 (4th Cir. 1998) (quoting Mace v. Van Ru Credit Corp., 109 F.3d 338, 341 (7th Cir. 1997)).

In this case, the putative class cannot advance typical claims as it is unclear whether the former employees included in the proposed class were all involuntarily terminated under the WPCA. Although Dollar General's records may indicate the correct date of termination and whether the termination was involuntary or voluntary, the Court would still be required to conduct an individualized inquiry to determine whether the former employee was discharged as the term is defined under the WPCA. For example, Dollar General uses termination codes to note the circumstances of an employee's termination. However, the codes, such as "personal reasons" or "health reasons," do not indicate whether the termination constitutes a "discharge" under the WPCA. Rather, the Court will have to conduct a highly factual and individualized inquiry to determine whether the former employee was discharged pursuant to the WPCA. Additionally, the Court's individualized inquiry would result in the presentation of different facts unique to the circumstances of each former employee's discharge. Therefore, the claims or defenses of the party would not be typical to the class. Accordingly, the Court **GRANTS** Defendants' objection.

**4. Whether the Class Satisfies Federal Rule of Civil Procedure 23(b)(3)**

To maintain a class action under Rule 23(b)(3), the court must find that "questions of law or fact common to class members predominate over any questions

affecting only individual members" ("predominance" requirement) and that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" ("superiority" requirement). See Fed. R. Civ. P. 23(b)(3). In determining whether the two requirements have been met, the Court must consider:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3)(A-D).

First, the predominance requirement is "far more demanding" than the commonality requirement under Rule 23(a). Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 624 (1997). The predominance "inquiry trains on the legal or factual questions that qualify each class member's case as a genuine controversy," and it seeks to determine "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Id. at 623. Therefore, for the same reasons that Plaintiff's proposed class fails to meet the commonality requirement under Rule 23(a), it must also fail certification under Rule 23(b)(3). In this case, the Court would be required to undertake an individualized inquiry regarding whether the proposed class members were discharged under the meaning of the WPCA, which involves a fact-based determination of the circumstances of each potential class member's termination from Dollar General, the time and date of each discharge, and the date of payment of final wages. All three questions would need to be resolved simply to determine whether a former employee is

a proper class member. Indeed, the evidence used to resolve such questions would not be common to the class, but rather individual to its members. Therefore, Plaintiff fails to meet the predominance requirement because the class definition and the underlying claims require this Court to engage in substantial and individualized inquiries for each class member. See Randleman, 646 F.3d at 353 (affirming district court's conclusion that the plaintiffs failed to meet the predominance requirement because the court could only determine liability after engaging in "substantial, individual inquiries").

Second, a class action is not the superior method of adjudication when the Court is forced to conduct individualized inquiries for each class member to determine whether they were involuntarily terminated as defined by the WPCA. See 7AA Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure, § 1778 at 141 (Civil 3d. 2005) ("[W]hen individual rather than common issues predominate, the economy and efficiency of class action treatment are lost and the need for judicial supervision and the risk of confusion are magnified."). Indeed, "[t]he possibility of such individualized determinations would impose an excessive managerial burden upon the district court." Zimmerman v. Bell, 800 F.2d 386, 390 (4th Cir. 1986) (citing Fed. R. Civ. P. 23(b)(3)(D)). In this case, the Court does not find that class resolution would be superior to other available methods for the fair and efficient adjudication of the former employees' alleged claims under the WPCA. If an employer fails to comply with the WPCA, then the employee "in addition to the amount unpaid when due" is entitled to "three times that unpaid amount as liquidated damages." W. Va. Code § 21-5-4(e) (2012). Employees are also entitled to "reasonable attorney fees." W. Va. Code § 21-

5-12(b). Therefore, the potential for significant recovery and reimbursement of attorney fees give individual potential class members an interest in prosecuting their own actions. See Reap v. Cont'l Cas. Co., 199 F.R.D. 536, 550 (D.N.J. 2001) (finding individual class members "have an interest in prosecuting their own actions because of the availability of significant money damages and full reimbursement of attorneys fees"). Therefore, the Court does not find that maintaining a class action is the superior method of adjudication. Accordingly, the Court **GRANTS** Defendants' objection because Plaintiff has not satisfied Rule 23(b)(3).

## V. Conclusion

Accordingly, the Court **ORDERS** the following:

1. Defendants' objection because the class is an impermissible fail safe class is **GRANTED**;

2. Defendants' objection because the class does not satisfy the commonality requirement of Rule 23(a)(2) is **GRANTED**;

3. Defendants' objection because the class does not satisfy the typicality requirement of Rule 23(a)(3) is **GRANTED**;

4. Defendants' objection because the class does not satisfy Rule 23(b)(3)'s predominance and superiority requirements is **GRANTED**;

5. Plaintiffs' Motion for Rule 23 Class Certification is **DENIED**; and

6. The Clerk is **DIRECTED** to **LIFT** the stay in this matter.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record

and/or any *pro se* parties herein.

**DATED:** May 9, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE